UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANDALL LEVITAN,

        Plaintiff,

v.

        Case Number 2:21-cv-13054
        Honorable Linda V. Parker

MICHIGAN DEPARTMENT
OF CORRECTIONS,

        Defendant.
_____/

## OPINION AND ORDER OF PARTIAL SUMMARY DISMISSAL AND DIRECTING PLAINTIFF TO SHOW CAUSE

On February 7, 2022, Plaintiff Randall Levitan, who is confined to the Michigan Department of Corrections ("MDOC"), filed this *pro se* civil rights action under 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff reports that in March or April 2021, while he was at the Gus Harrison Correctional Facility in Adrian, Michigan, Plaintiff was diagnosed with Bell's palsy and received a COVID-19 vaccine. Subsequently, he lost his vision and suffered severe head pain and constant vertigo. Plaintiff requested medical care numerous times but received no treatment, or care was delayed. As a result, Plaintiff suffered unnecessary pain, near-complete loss of vision, and continues to have significant difficulty walking.

As explained further below, because MDOC is immune from suit for money damages, it will be dismissed from the Complaint. Plaintiff has failed to identify any defendant specifically responsible for the alleged deliberate indifference to his serious medical needs. He will be ordered by the Court to provide the names of those defendants or face dismissal of the complaint.

## I. Factual Background

Plaintiff states that he received a diagnosis of Bell's palsy in March or April 2021. (ECF No. 1 at Pg ID 3.) He also received a COVID-19 vaccine. (*Id.*) From that time forward, Plaintiff began to have gastrointestinal issues, lost vision in his right eye, and had severe head pain and constant vertigo. (*Id.*) Plaintiff requested medical care multiple times but received delayed or no answers, or improper treatment. (*Id.* at Pg ID 3, 5.) In October 2021, Plaintiff still suffered head pain and pain around his heart. Plaintiff then made an appointment with the healthcare unit but was not seen. (*Id.* at Pg ID 3.)

Plaintiff's pain continued to get worse, and his vision is now almost completely gone. (*Id.*) He also continues to have problems walking. (*Id.*) Plaintiff filed numerous grievances over the denial of care, but all were denied. (*Id.* at Pg ID 3, 6.) Plaintiff now seeks compensatory damages in the amount of $750,000, naming only the MDOC as a defendant.

## II.     Applicable Law

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to dismiss sua sponte a prisoner's complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  *Flanory v. Bonn*, 604 F.3d 249, 252 (6th Cir. 2010) (citing 28 U.S.C. §§ 1915(e), 1915A(b); 42 U.S.C. § 1997e(c)).  When evaluating a complaint at this stage, courts must "construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations as true, and examine whether the complaint contains 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'"  *Hill v. Snyder*, 878 F.3d 193, 203 (6th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought."  Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957); Fed. R. Civ. P. 8(a)(2)).

To state a civil rights claim under 42 U.S.C. § 1983, "a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (citation omitted). Moreover, the plaintiff must allege that "the defendants were personally involved in the alleged deprivation of federal rights." *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (citing *Hall v. United States*, 704 F.2d 246, 251 (6th Cir. 1983)).

### III.    Analysis

Plaintiff alleges that he experienced severe pain and vertigo and the loss of vision, for which he was denied medical treatment or experienced delays in treatment. He also states that he is now barely able to walk and has lost the majority of his vision.

"[D]eliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983," because it "constitutes the 'unnecessary and wanton infliction of pain'" that violates the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To demonstrate constitutional injury, a plaintiff must first allege that his medical needs were "sufficiently serious." *Darrah v. Krisher*, 865 F.3d 361, 367 (6th Cir. 2017) (citing *Farmer v. Brennan*, 511 U.S. 294, 297 (1994)). Second, a plaintiff must plead facts that if true would prove a defendant

acted with "a sufficiently culpable state of mind in denying medical care," *Blackmore v. Kalamazoo County*, 390 F.3d at 890, 895 (2004) (quoting *Brown v. Bargery*, 207 F.3d at 867), that is, the defendant "subjectively perceived a risk of harm and then disregarded it[.]" *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001) (citations omitted).

Construing Plaintiff's allegations as true and in a light most favorable to him, as the Court must at the stage, Plaintiff has adequately pled a claim of deliberate indifference. Specifically, Plaintiff's complaints of severe and untreated pain, loss of vision, vertigo, and difficulty walking, demonstrate his medical needs were "sufficiently serious" to meet the objective component of deliberate indifference. *Darrah*, 865 F.3d at 367. Plaintiff has established the subjective component as well, by alleging that when he brought his health issue to the attention of medical staff, they refused to acknowledge or treat him. (*See* ECF No. 1 at Pg ID 5, 6.)

A.  **Michigan Department of Corrections as Defendant**

The MDOC, the only defendant Plaintiff named, must be dismissed. Claims against the MDOC are "'barred by the Eleventh Amendment, unless [the State] has consented to the filing of such a suit,' or unless Congress has expressly abrogated Eleventh Amendment immunity." *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013) (citing *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *Pennhurst State*

5

*Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984)) (alteration in original). "Michigan has not consented to the filing of civil rights suits against it in federal court." *Id*. (citing *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986)). And Congress did not abrogate state sovereign immunity when it enacted 42 U.S.C. § 1983. *Chaz Const., LLC v. Codell*, 137 F. App'x 735, 743 (6th Cir. 2005). Accordingly, the MDOC will be dismissed.

**B.     Failure to Identify Specific Defendant(s)**

While Plaintiff's complaint complies with Rule 8(a)(2)'s requirement of "a short and plain statement of the claim showing that the pleader is entitled to relief [,]" he has not identified defendants who personally denied or delayed his care and treatment, which he must. *See Frazier*, 41 F. App'x at 764. "An inmate who brings a civil rights complaint must specifically identify each defendant against whom relief is sought and must give each defendant notice of the action by serving upon him a summons and copy of the complaint." *Staples v. Stone*, No. 16-CV-12367, 2017 WL 76891, at *4 (E.D. Mich. Jan. 9, 2017) (citation omitted); *see also Feliciano v. DuBois*, 846 F. Supp. 1033, 1048 (D. Mass. 1994). Therefore, Plaintiff must name the individual defendants who were responsible for the deliberate indifference he describes, or the complaint will be dismissed.

### IV. Conclusion

Accordingly, for the reasons stated above,

**IT IS ORDERED** that Defendant Michigan Department of Corrections is **DISMISSED** as a party to the complaint.

**IT IS FURTHER ORDERED** that Plaintiff is directed to file an amended complaint within sixty (60) days of this order, naming the defendants who delayed or failed to provide medical care as he has alleged in his complaint, or show "good cause" why his complaint should not be dismissed.

**IT IS SO ORDERED.**

                                                            s/ Linda V. Parker  
                                                            LINDA V. PARKER  
                                                            U.S. DISTRICT JUDGE

Dated: October 25, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, October 25, 2022, by electronic and/or U.S. First Class mail.

                                                            s/Aaron Flanigan  
                                                            Case Manager